CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
January 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Ventura's Carpentry, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24-cv-00079 |
| ) | |
| Claypool Holdings, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Ventura's Carpentry, LLC's ("Ventura") motion for trial by jury. (Dkt. 12.) For the reasons set forth below, the court finds that Ventura has waived its right to a jury trial under Federal Rule of Civil Procedure 38. Upon consideration of the relevant factors under Rule 39(b), however, the court exercises its discretion to order a jury trial. Accordingly, the court will grant Ventura's motion.

### I.   Background

On or around September 25, 2024, Ventura filed a contract action against Defendant Claypool Holdings, LLC d/b/a Merric Millwork & Seating ("Claypool") in the Circuit Court for Culpeper County, Virginia. (Dkt. 1 at 1; Dkt. 1-1 at 2.) Ventura's state court complaint contained no demand for a jury trial. (*See* Dkt. 1-1 at 4–11.) Ventura served Claypool with the complaint on October 15, 2024. (Dkt. 1 at 2.)

On November 6, 2024, Claypool filed a notice to remove the action from Virginia state court to the U.S. District Court for the Western District of Virginia. (*Id.* at 1–4.) And on

November 13, 2024, following removal, Claypool filed and served an "Answer to Complaint." (Dkt. 10.) Claypool's notice of removal and subsequent answer contained no demand for a jury trial. (*See* Dkt. 1 at 1–5; Dkt. 10 at 1–7.) Claypool also represents that it served Ventura with a copy of the notice of removal by Federal Express overnight delivery and email on November 6, 2024. (Dkt. 1 at 4.)

On December 17, 2024, Ventura filed a motion for trial by jury pursuant to Federal Rules of Civil Procedure 38 and 39. (Dkt. 12.) Claypool filed a response in opposition to the motion. (Dkt. 13.) Ventura did not reply.

## II.   Analysis

In its motion, Ventura moves the court to set the matter for a trial by jury on all matters so triable. (Dkt. 12 at 1.) Ventura makes two arguments in support of its motion. First, it claims that its demand should be viewed as timely under Rule 38. Second, even if untimely, Ventura requests that the court exercise its discretion under Rule 39 to order a jury trial.

### A.   Rule 38 Motion

Ventura argues that its demand should be considered timely under Federal Rule of Civil Procedure 38(b). (*Id.*) Rule 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b).

2

Ventura suggests that its demand on December 17, 2024, should be considered timely for two reasons. First, Ventura claims that its demand is timely because "the parties have not engaged in their Rule 26 conference nor has the Court entered its Rule 16 Order." (Dkt. 12 at 1.) Second, Ventura requests the court interpret the Rule's language that the demand must be made "no later than 14 days after the last pleading" liberally, and extend the deadline pursuant to Rule 6(b).[1] (*Id.*) Ventura claims that because no activity has occurred in this case, there is no prejudice to Claypool in extending this deadline. (*Id.*)

Ventura's two arguments under Rule 38 fail, and its jury trial demand is untimely as a result. Ventura's first argument that its demand is timely because a Rule 26 conference has not occurred, and a Rule 16 Order has not been entered, ignores Rule 38's text. The Rule clearly imposes a deadline of "14 days after the last pleading" to make a jury demand. Fed. R. Civ. P. 38(b). In this case, "the last pleading" refers to Claypool's "Answer to Complaint" which was served on Ventura on November 13, 2024.[2] (Dkt. 10.) So, Ventura needed to

---

[1] Federal Rule of Civil Procedure 6(b) provides for the court to extend deadlines under certain circumstances. The Rule states, in part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

[2] Claypool argues that a later rule—Rule 81(c)—clarifies what "the last pleading" means in a removal situation like this. It is true that when a state court complaint is removed to federal court, and "*[i]f all necessary pleadings have been served* at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after . . . it is served with a notice of removal filed by another party." Fed. R. Civ. P. 81(c)(3)(B)(ii) (emphasis added). So, Claypool argues that Ventura had 14 days after service of the notice of removal to make its demand. But the record does not show that "all necessary pleadings" were served at the time of Claypool's removal, as Claypool served its pleading titled "Answer to Complaint" on November 13, 2024, only after removal to federal court. (*See* Dkt. 10.) Because Claypool did not serve an answer prior to removal, Rule 38 rather than Rule 81 controls. *See Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 938 n.3 (4th Cir. 1980) (finding Rule 81 inapplicable when "service of defendant's pleading denominated 'Answer

3

serve a demand for a trial by jury, at the latest, by November 27, 2024. Instead, Ventura filed its motion nearly three weeks later, on December 17, 2024. (*See* Dkt. 12.) It has not complied with the requirements of Rule 38.

Ventura's second argument, requesting that the court extend the deadline to make the demand under Rule 6(b), likewise fails. Because the time for making a jury trial demand expired before Ventura made its extension request, it must show that it "failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b) (emphasis added). But "[e]xcusable neglect is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (internal quotation marks omitted). Factors relevant to determining excusable neglect "include 'the danger of prejudice to the [non-movants], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Carter v. Ely*, No. 7:20-CV-00713, 2024 WL 1095755, at *2 (W.D. Va. Mar. 13, 2024) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). While Ventura does claim that extending this deadline will not prejudice Claypool, it does not provide any support or argument as to the other factors the court must consider.

---

and Grounds of Defense' was not effected until after removal"); *see also Macsherry v. Sparrows Point, LLC*, No. CV ELH-15-22, 2017 WL 5591798, at *3 (D. Md. Nov. 17, 2017) (same, collecting cases).

4

(*See* Dkt. 12.) On the current record, the court finds that Ventura has not shown that it failed to act due to excusable neglect.

### B. Rule 39 Discretion

In the alternative, Ventura argues that the court should exercise its discretion under Federal Rule of Civil Procedure 39 "to order a jury trial on this matter." (Dkt. 12 at 1.) Rule 39(b) provides, in part, that when no proper jury trial demand is made, triable issues "are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). That rule gives courts the discretion "to order a trial by jury notwithstanding the failure of a party to properly demand a jury." *Keatley v. Food Lion, Inc.*, 715 F. Supp. 1335, 1338 (E.D. Va. 1989).

In determining whether to a grant a party's request for trial by jury under Rule 39, courts considers four factors: "(1) whether the issues are more appropriate for a determination by a jury or a judge; (2) whether granting a jury trial would prejudice the opposing party(s); (3) the timing of the motion; and (4) any effect a jury trial would have on the court's docket and orderly administration of justice." *Frankl Miller Webb & Moyers, LLP v. Crest Ultrasonics Corp.*, No. 7:19CV143-HEH, 2019 WL 5566546, at *1 (W.D. Va. Oct. 28, 2019) (citing *Malbon v. Pa. Millers Mut. Ins.*, 636 F.2d 936, 940 n. 11 (4th Cir. 1980)). In addition to those four factors, "courts in this Circuit have also found the justifiability of the delay to be an important consideration." *Id.* (citing *Vannoy v. Cooper*, 872 F. Supp. 1485, 1489 (E.D. Va. 1995)).

5

Ventura's submits that this contract action is "well-suited for a trial by jury" in support of the court exercising its discretion. (Dkt. 12 at 1.) In general, resolution through trial by jury is more appropriate when questions are "factual" as opposed to "legal," remedies are "legal" as opposed to "equitable," and issues are "simple" as opposed to "complex." *Malbon*, 636 F.2d at 940 n.11. Upon review of the complaint, the court agrees with Ventura—this action contains questions that are appropriate for jury resolution. Additionally, while Claypool speculates that certain litigation costs may be greater if faced with a jury trial, (Dkt. 13 at 4), the court finds that the prejudice to Claypool is still minimal, given the matter's early procedural posture. *See Kelly v. Sentara*, No. 2:11CV672, 2012 WL 4340849, at *2 (E.D. Va. Sept. 20, 2012) ("[A] change from bench trial to jury trial at this stage, more than three months before the close of defendant's discovery period, would cause no significant prejudice to the defendant."). The court also finds that the timing of the motion and potential impact on the court's docket do not weigh significantly in favor or significantly against the exercise of discretion. *See Branham v. Dolgencorp, Inc.*, No. 6:09-CV-00037, 2009 WL 2588493, at *2 (W.D. Va. Aug. 21, 2009) ("The effect on the Court's docket is nonexistent because the Plaintiff's request was made sufficiently early in the litigation."). While Ventura does not provide any reason for the untimeliness of the request, which weighs against granting the motion, upon consideration of all the relevant factors, the court nonetheless concludes that it will use its discretion to order a trial by jury.

### III.    Conclusion

For the reasons set forth above, the court will grant Ventura's motion for trial by jury (Dkt. 12). An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 29th day of January, 2025.

/s/ *Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE